## LEWIS v. DISTRICT OF COLUMBIA.

(Court of Appeals of District of Columbia. Submitted December 6, 1921.
Decided January 3, 1922.)

No. 3688.

**Vagrancy ⟨⟩3—Evidence held not to sustain conviction; "vagrant."**

A conviction of vagrancy cannot be sustained, where the evidence showed the defendant was regularly employed, since failure to work is an essential element, under Act March 3, 1909, § 1, defining a vagrant as a person leading an idle, immoral, and profligate life, without property and not working, though able to work, even though the evidence did show the defendant was leading an immoral life, or was guilty of another offense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Vagrancy—Vagrant.]

Writ of Error to the Police Court of the District of Columbia.

Lucretia Lewis was convicted in the police court of being a vagrant, and she brings error. Reversed, with directions to dismiss the complaint.

E. C. R. Humphries, of Washington, D. C., for plaintiff in error.

F. H. Stephens and T. G. Walsh, both of Washington, D. C., for the District of Columbia.

ROBB, Associate Justice. This is a writ of error to the police court, where the defendant, plaintiff in error here, was convicted under an information charging her with being "a vagrant, to wit, a person leading an idle, immoral, and profligate life, without property to support herself and able of body to work, and does not work," etc. This phraseology followed the language of the Act of March 3, 1909 (35 Stat. 711).

For the prosecution certain police officers testified that defendant was a woman of ill repute and reputation; that they had seen her loitering and loafing about the streets, in conversation with men, and soliciting men to go with her for purposes of prostitution; that she was employed by one Joe Jones, "who maintains a home at 1220 Six and a Half Place, Northwest, for immoral purposes." For the defendant, Jones testified that she had been employed as his housekeeper, doing his washing, cooking, and general housework, for the preceding year, and was then so employed at a regular weekly salary of $10, with board and lodging. The father and a brother of defendant, who testified from personal knowledge, having frequently visited her place of employment, corroborated Jones, as did three friends of defendant.

The testimony of the police officers, as to the nature of defendant's employment by Jones, amounted to nothing more than suspicion, since none of them pretended to speak from personal knowledge. On the other hand, the testimony on behalf of the defendant was of a conclusive character. That the trial judge so viewed the evidence is apparent from his finding "that, although she [defendant] may have

kept house for the aforesaid Jones at the time, her employment there under those circumstances was not lawful employment within the meaning of the statute." In Fleming v. District of Columbia, 34 App. D. C. 5, the court alluded to the act here involved as follows:

"The person accused, not only must lead an idle, immoral, and profligate life, but must also have no property to support him, and be able to work without doing so. * * * The statute must be enforced according to its plain terms."

To sustain the conviction in the present case it must have appeared that the defendant, although able, did not work, for this was a necessary element under the statute. That she may have been guilty of another offense, and subject to prosecution therefor, is beside the question here, which is: Was defendant guilty of vagrancy under this statute? Having been regularly employed, as the evidence conclusively shows her to have been, she may not be classed as a vagrant in the sense of the statute.

The judgment is reversed, with costs, with directions to dismiss the complaint.

Reversed.